IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY LAMAR BERRY, AIS 263622, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-282-ECM-SMD |
| | ) | (WO) |
| RANDALL BECKMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Jimmy Lamar Berry, a prisoner proceeding *pro se*, filed this civil action on April 28, 2023. (Doc. 1.) Berry applied for leave to proceed *in forma pauperis*, but he did not submit information regarding the funds in his inmate account. (Doc. 2.) The Court ordered him to submit his inmate account information (Doc. 4), and he did so (Doc. 5). Based on that account information, the Court, on May 4, 2023, issued an order directing Berry to pay an initial partial filing fee of $7.36 by May 18, 2023. (Doc. 6.) The Court specifically cautioned Berry that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 6 at 3.)

On May 16, 2023, after receiving Berry's notice that he had recently changed his address to a different correctional facility (Doc. 7), the Court entered an order directing the Clerk to send its May 4 order to Berry at his new address and *sua sponte* extending the deadline for Berry to pay the initial partial filing fee to May 30, 2023. (Doc. 8.)

To date, Berry has not submitted the initial partial filing fee as ordered by the Court. He has not complied with Court's orders of May 4 and May 16 (Docs. 6 & 8) or otherwise

responded to those orders. Because Berry has failed to pay an initial partial filing fee in compliance with the Court's orders, the undersigned concludes that this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **September 25, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo*

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 11th day of September, 2023.

                        /s/ Stephen M. Doyle
                        STEPHEN M. DOYLE
                        CHIEF U.S. MAGISTRATE JUDGE